*Gonzalez v Praise the Lord Dental,* 79 AD3d 550 [2010]). Defendants' pattern of noncompliance with court-ordered disclosure over a period of several years gives rise to an inference of willful and contumacious conduct that warranted the striking of the answer (*see Gibbs v St. Barnabas Hosp.,* 16 NY3d 74, 81 [2010]; *Bryant v New York City Hous. Auth.,* 69 AD3d 488 [2010]). Furthermore, the discovery responses that defense counsel claims would have demonstrated compliance with the discovery orders postdated the return date of the motion (*see Gonzalez* at 550).

Defendants also failed to demonstrate a meritorious defense to the action. The evidence offered solely on reply is entitled to no consideration by a court (*see Guzman v Mike's Pipe Yard,* 35 AD3d 266 [2006]; *Lumbermens Mut. Cas. Co. v Morse Shoe Co.,* 218 AD2d 624, 626 [1995]). Concur—Saxe, J.P., Friedman, Moskowitz and Freedman, Richter JJ.

In the Matter of INGRID BAUMANN, Formerly Known as INGRID DIAMOND, Petitioner, v MATTHEW COOPER, Respondent. [932 NYS2d 20]— Concur—Saxe, J.P., Friedman, Moskowitz, Freedman and Richter, JJ.

(October 20, 2011)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIAS McFARLAND, Appellant. [931 NYS2d 225]—

Instead of postrelease supervision, the sentencing court used the phrase "supervised parole for five years" and stated that this was "part of the sentence too." While the court misspoke, the nomenclature it used was sufficiently similar to the correct term that there could not have been any ambiguity or misunderstanding (*cf. People v Carter,* 67 AD3d 603, 604 [2009], *lv*